## Chicago & Alton Railroad Company

*v.*

## Nathan S. Purvines.

New trial—*verdict against the evidence.*  In this case, the verdict of the jury being clearly against the weight of the evidence, the judgment is for that reason reversed.

Appeal from the Circuit Court of Morgan county; the Hon. Charles D. Hodges, Judge, presiding.

Mr. A. W. Church, and Mr. Henry E. Dummer, for the appellant.

Messrs. Cullom, Zane & Marcy, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

Appellee sued the railroad company to recover the value of a car load of hogs, delivered to them about the 2d day of September, 1868, at Murrayville, for transportation to Chicago. It is averred in the declaration that the company failed to carry and deliver the hogs to the consignees at Chicago, according to agreement.   The company claim, that after appellee brought his hogs to Murrayville, and were there put in the stock yard, and before they were placed in the cars, he left the station and informed the freight agent that one Wesley Wyatt would attend to shipping the hogs, and would give directions in reference thereto; and that Wesley Wyatt, on the next morning, stated to the freight agent that appellee had sold the hogs to E. M. Wyatt, and directed them to be billed to Chicago and consigned to E. M. Wyatt, which the station agent did, as directed.   The hogs reached their destination, and E. M. Wyatt sold them and received the proceeds to his own use.

Appellee insists that he gave no directions to the freight agent to ship under the direction of Wesley Wyatt, but had given directions to have them shipped to himself at Chicago. He also denies that he sold the hogs to E. M. Wyatt.

The jury found a verdict for appellee, and assessed his damages at $475, for which the court below rendered a judgment against the company. They bring the record to this court, assign errors, and urge a reversal on the ground that the verdict is not sustained by the evidence.

Appellee testified that he directed the freight agent to ship the hogs to Chicago, as he had a car load the day before, and that the shipment referred to was to Strahan & Co., as consignees, with himself as owner or shipper. He denies that he ever changed the directions or authorized any one else to make any change; and he denies having sold these hogs to E. M. Wyatt, but says that Wyatt agreed to give him $50 for the profits on some half dozen car loads of hogs he had purchased and shipped, including the hogs in controversy.

On the other hand, E. M. Wyatt testifies, positively, that he purchased the hogs, at $8.50 per hundred pounds, and paid on the purchase $420.75, and that he directed his brother Wesley to ship the hogs for him, and in his name, to Strahan & Co., which was done. Wesley Wyatt corroborates his brother, when he testifies that he heard appellee say that he had sold the hogs to E. M. Wyatt, and had nothing more to do with them. He is further corroborated by Sims, who says that E. M. Wyatt paid him $421 for appellee, and that he hesitated to take Wyatt's check for that amount, when appellee said to him he would see it paid, as he had sold some hogs to Wyatt and he desired to secure himself, and Wyatt owed him for the hogs which he had sold him. This witness states that appellee said to him that he had sold these hogs to Wyatt at $50 loss; that he said nothing about any other hogs.

The evidence on the question of a sale of the hogs by appellee to Wyatt, seems to us to strongly preponderate in favor of a purchase. Wyatt paid him $421, and he stated to Sims that it was on the purchase of the hogs, and Wesley Wyatt corroborates the statement that he had sold the hogs to his brother. It is true, appellee positively denies the sale, but the weight of evidence is clearly the other way, and we think

should have controlled the finding of the jury. It is true there is some conflict, but the preponderance of the evidence is against the verdict. We therefore believe the case should be submitted to another jury.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*