## AARON BOWERS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. CREDIBILITY OF WITNESS — *instruction may be based on statements made out of court.* Where a party as a witness has made statements out of court different from those on the stand, an instruction that if he had been successfully impeached, or had willfully sworn falsely as to any matter or thing material to the issue, then the jury might disregard his entire evidence, unless corroborated by other unimpeached testimony, is not erroneous, as it is for the jury to say what the statements amount to as grounds of impeachment.

2. SAME — *rule for judging weight of testimony.* In weighing the evidence, it is the duty of the jury to take into consideration the deportment of the witnesses while testifying, as well as any interest they may have in the result of the suit, and it is not error to instruct them to consider these facts.

3. NEW TRIAL — *newly discovered evidence.* When newly discovered evidence is merely cumulative, and not of a decisive character, and the party has shown no diligence in finding it before the trial, a new trial will not be granted.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. HARVEY E. SHIELDS, and Mr. JOHN PORTER, for the appellant.

Messrs. HANNAMAN & WILLOUGHBY, for the People.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a prosecution under the bastardy act, against Aaron Bowers. The charge was that he was the father of a bastard child by Hannah C. Johnson. He was bound over for his appearance at the circuit court, where, on a trial, the jury found him to be the father of the child. A motion for a new trial was entered, but overruled by the court, and the judgment required

by the statute was entered, and this appeal was taken, and various errors are assigned.

Amongst others, it is insisted that the court erred in giving, refusing and modifying instructions to the jury. The first instruction to which exceptions are taken was the first in the series given on the part of the prosecution. It informs the jury that if they believe that the witness named had been successfully impeached, or had wilfully sworn falsely as to any matter or thing material to the issue, then the jury might disregard his entire evidence, unless corroborated by other unimpeached testimony. It is urged that there was no ground for the instruction, but the evidence shows that he had made statements out of court different from those he made on the stand. It was for the jury to say what the statements amounted to as grounds of impeachment. In this there was no error.

We fail to perceive any force in the criticism to the fifth instruction for the prosecution. It certainly asked no more than a party has the right to require of the jury. In weighing the evidence it is the duty of the jury to take into consideration the deportment of the witnesses whilst testifying, as well as any interest they may have in the result of the suit, and it was no error for the court to instruct them that they should consider these facts in reference to any one or all of the witnesses. If appellant desired such an instruction regarding any witness on the part of the prosecution, he should have asked it, and the court would no doubt have given it. Nor can we see that the striking out of the word "real" before that of "father," in the first and second of appellant's instructions, could have in the slightest degree operated to his prejudice. It did not change the meaning in the slightest degree, and could not have misled the jury.

It is also insisted that the evidence does not sustain the verdict. On examining it we find that it is irreconcilably conflicting, and it was for the jury to determine to which side they should give the weight. The evidence was all fairly before them, and, seeing and hearing the witnesses testify, they

had every facility to find the truth, and with its finding we are not dissatisfied.

The affidavits filed in support of the motion for a new trial, only disclose cumulative evidence, which is by no means conclusive in its character. Even had it been before the jury, we are not prepared to say the result would have been different. All know that there is nothing in which all persons are more liable to be mistaken than in the recollection of dates. There are very few, if any, who can remember dates accurately. Our experience has taught us that with the most retentive memories, the most truthful and upright, such mistakes are common. Again, appellant does not show diligence in endeavoring to procure this evidence. Whilst the evidence is conflicting, several witnesses do say that the prosecuting witness, on the hearing before the justice, fixed the eleventh day of December, on Monday of the week in that month, which was the eleventh, as the time when the coition occurred. We think the evidence clearly preponderates in favor of the fact that she did so fix the day. If so, appellant was fully apprised before the trial that it was on the eleventh, and not the sixteenth, for which he would have to defend himself from the charge. The entire record considered, we are not able to find any error for which the judgment of the circuit court should be reversed, and it must be affirmed.

*Judgment affirmed.*