City of Rock Island

*v.*

Sophia C. Vanlandschoot.

78   485<br>
42a 475<br>
78   485<br>
93a   87

Negligence. In a suit against a city for damages occasioned by reason of a defect in the street, whereby plaintiff was thrown from a wagon and injured, it appeared that the driver of the wagon in which plaintiff was, was drunk, and drove so carelessly as to cause the accident, and that the defect in the street was not such as to be dangerous to a person exercising ordinary care, it was *held*, that a verdict for near $4000, against the city, should have been set aside.

Appeal from the Circuit Court of Rock Island county; the Hon. George W. Pleasants, Judge, presiding.

Messrs. Gest & Parks, for the appellant.

Messrs. Kenworthy & Beardsley, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was case, in the Rock Island circuit court. The plaintiff, Sophia C. Vanlandschoot, complained of the city of Rock Island, that a walk across Illinois street, half way between Washington and Eagle streets, constructed of rough rock, dirt and rubbish, with ruts and holes on both sides, by means whereof, the plaintiff, driving along the street, with due care, was thrown out and injured.

The jury found for the plaintiff, and assessed her damages at three thousand six hundred and seventy-five dollars. The court denied a motion for a new trial, and rendered judgment on the verdict, to reverse which the defendant appeals.

There is much conflict in the evidence, rendering it some-

what doubtful if the crossing in question was in a condition so dangerous as to jeopard the life or limb of any person using ordinary care. We are inclined to think the evidence shows that the driver of the wagon, in which the plaintiff was seated, did not use that care a reasonably careful man would exercise in going over a crossing constructed as this was, with a two horse wagon. The weight of the evidence is, he went over at a brisk trot. Again, it is proved to our satisfaction, the seat of the wagon, which the plaintiff occupied, had no fastenings to hold it to the body of the wagon, or if so provided, they were not applied, thereby making the seat quite liable to be thrown off on encountering a slight obstacle.

The driver of the wagon was plaintiff's husband, a hard drinker, who had been to a drinking saloon that day against the injunctions of his wife, who had charged him that day not to drink. He, himself, was the keeper of a drinking saloon near the city, and knew the streets as well as a man could who used them frequently. When the accident happened to his wife, he seemed wholly unconcerned—did not offer to assist her—did nothing for her, never made a move to help her, but turned to his horses.

The plaintiff herself, when she was lifted up and carried into the house, blamed her husband for the accident, called him careless and reckless. She further said of him, "you have killed me this time—you have tried to kill me, and you have killed me this time."

There can be but little doubt her husband was in a drunken condition while driving, and drove too fast over the crossing. Had he driven over it as a careful, sober man would have done, the accident could not have happened. To make the city of Rock Island pay near four thousand dollars, under such circumstances, is not in accordance with right or justice.

The crossing was not so out of repair as to render it unsafe to one using proper care, and certainly it was not so much out of repair as to charge near four thousand dollars against the

city for the negligence.   We do not think the evidence justifies such finding.   Considering carefully the entire testimony, we are constrained to the conclusion, it greatly preponderates in favor of appellant, both on the point of negligence of the city authorities, and on that of plaintiff's husband, who, by his careless and reckless driving, produced the damaging results to his wife.

The verdict should have been set aside, and a new trial granted.   Failing to allow that motion was error, and for the error, the judgment must be reversed, and the cause remanded, that a new trial may be had.

*Judgment reversed.*

Mr. CHIEF JUSTICE SCOTT, and Mr. JUSTICE CRAIG, dissenting.