Wheaton v. Johnson.

## Charles A. Wheaton et al. v. William Johnson.

55    53
f93  ¹ 87

1.   VERDICTS—*Against the Weight of the Evidence.*—A verdict plainly against the evidence will be set aside.

Memorandum.—Assumpsit for surgeon's services.   In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding.   Trial by jury; verdict and judgment for plaintiff; appeal by plaintiff.   Heard in this court at the November term 1893.   Reversed and remanded.   Opinion filed April 28, 1894.

KERRICK, LUCAS & SPENCER, attorneys for appellants.

WELTY & STERLING, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

Appellants, who were partners as physicians and surgeons, of St. Paul, Minnesota, brought this action in assump-

sit, on the common counts, to recover a balance of $456, claimed for medical and surgical services rendered to the wife of appellee at his request.

It was tried upon the general issue, upon the depositions of appellant Wheaton, and of Mrs. Pond, the mother-in-law of appellee, on the one side, and the oral testimony of appellee on the other. From this evidence it appears that Dr. Wheaton performed three operations of "laparotomy," or opening of the abdominal cavity, one on September 26, 1890, at St. Joseph's Hospital, in St. Paul; one on December 20, 1891, and one on November 13, 1892, at the residence of Mrs. Pond, the patient's mother. He testified that the "usual charge" for such an operation is $500, and that he so told appellee, but upon his replying that he was working for a salary as a locomotive engineer and the price was too high, he cut it down to $250, which appellee agreed to pay in installments; that for the succeeding operations he charged $50 and $100, respectively, which he characterized as "nominal;" that he and his partner attended and treated Mrs. Johnson from time to time as occasion required, during all of the period from the first to and including the last of these operations, and that the charges for these services also were proportionately reduced. Their itemized bill amounted to $644, of which appellee had paid $10, and Mrs. Pond $20, and at her request they deducted the further sum of $114, showing a balance due of $500, but the affidavit filed with the declaration to verify the claim was for $456 only, which was not explained or asked to be, but seems to have occurred by inadvertently twice throwing off the odd $44. He testified that the amount due was $500, after allowing all proper credits.

Mrs. Pond stated that appellee engaged the services of Dr. Wheaton, and in her presence promised him to pay for them; that he performed the three operations; that he had the reputation of being the best and most skillful surgeon in that section; and that he and his partner attended and treated her daughter throughout the whole period mentioned.

Appellee testified that he had no recollection of hearing what was the usual charge, or what he would be charged, or promising to pay any specific sum before the first operation was performed; that after he received a bill for $250 for it, he saw the doctor and complained of the amount; that his work and compensation as an engineer was irregular; that he had received as little as $17 once for a month, and was permitted, over objection by appellants, to say that his wife did not appear to have derived any benefit from the operations and treatment sued for; that her condition since had been and was about as before.   When the services in question were rendered he was employed on the Great Northern Railroad, but visited his wife every week, and though he says he never found either of the appellants in attendance upon her, he does not deny that he had full information of those services.   His understanding was that the operations were for ovarian troubles.

The foregoing sets forth pretty fully the substance of all the evidence; upon which the jury, under proper instructions, found for the plaintiffs, assessing their damages at sixty dollars.   A motion for a new trial having been overruled and judgment entered according to the verdict, the plaintiffs appealed.

The principal ground on which it is attempted to sustain this judgment is that it was according to the verdict, which leaves open the question whether that verdict was according to the evidence.

Upon one point only is there the slightest appearance of a conflict, namely, as to an express agreement upon a specific sum for the first operation, which is wholly immaterial if the sum claimed was shown to be reasonable.   The witness did not use that term to characterize it, but plainly expressed the idea when he stated it to be only half of what was the "usual" charge, and as to that there was no contradiction.   So, also, of the other services, when he stated that the charges made therefor were proportionately reduced.   A surgeon's services are not to be estimated, as was here further suggested, by the time required for their

performances, the measure of their success, or the pecuniary circumstances of the party to be charged. These may properly be considered by the surgeon, upon the question of abatement from their reasonable value, by agreement or favor on his part, but not by a court or jury. They may well sympathize, for such reasons, with the patient here and her husband, but can give practical effect to such sympathy only at their own expense. We must account for this verdict by imputing it to such sympathy, for it was plainly against the evidence; and the judgment will therefore be reversed and the cause remanded.