## North Chicago Street Railroad Company v. Margaret Fitzgibbons.

1. Verdicts—*Against the Preponderance of the Evidence.*—Where the verdict is against the great preponderance of the evidence, it must be set aside.

Memorandum.—Action for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 4, 1894.

The opinion states the case.

Appellant's Brief, Joseph B. Mann and Edmund Furthmann, Attorneys.

A verdict rendered upon the unsupported evidence of the plaintiff, which is contradicted by that of the defendant corroborated by other unimpeached witnesses, will be set aside as against the law and evidence. Peaslee v. Glass, 61 Ill. 94; Dinet v. Reilly, 2 Bradw. 316; Haycraft v. Davis, 49 Ill. 455; Lincoln v. Stowell, 62 Ill. 84; Koester v. Eslinger, 44 Ill. 476; Chicago City Railway Co. v. Delcourt, 33 Ill. App. 430; C. W. D. Ry. Co. v. Conley, 43 Ill. App. 439.

Duncan & Gilbert, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover damages for personal injuries sustained by appellee in stepping off one of appellant's cars.

The question in dispute was whether the car had stopped and started up as appellee was getting off, or whether she got off as the car was stopping and before it came to a halt.

Appellee and one other witness testified that the car having stopped, she attempted to alight, and while doing so, the car started and she was thus thrown to the ground.

Five witnesses testified that appellant got off before the car stopped, and the testimony of five others is not consistent with appellee's statement. Of these ten witnesses but one was at the time of testifying in the service of the company; three, including this one, were in its service when the accident happened.

Appellee called a police officer, and his testimony not sustaining appellee's account of the occurrence, she attempted to introduce a police minute book showing a report made by such officer of the accident. It appeared that the police officer made to the desk sergeant a report of the accident, and that the desk sergeant committed to writing what was told to him.

We do not think that this report can be considered by us in arriving at a conclusion in this case. The very great preponderance of the evidence is with the appellant. Appellee, if entirely uninfluenced by her position in the case, can not be presumed to have had a more accurate remembrance of the circumstances leading to the accident than the other witnesses.

It is true that juries are not to count witnesses so much as to weigh what they say; and a reviewing court must bear in mind, that to a jury is the determination of the question of fact committed.

Nevertheless we can not fail to notice wherein, not the mere preponderance, but the great preponderance of the evidence lies. There is not in the statements of the wit-

nesses for appellant anything inherently improbable, nor does it appear that they have any reason for being biased or testifying untruthfully.

The judgment obtained, $14,200, is a large one, and we think that the evidence presented by this record is such that the cause should be committed for another trial. The judgment of the Circuit Court is reversed and the cause is remanded.

Mr. Presiding Justice Shepard, dissenting.

On the question that the verdict was against the weight of evidence, which is the view the majority of the court take, I do not agree. The jury and the trial judge saw and heard the witnesses and observed their manner of testifying, and I prefer to rely upon their conclusion rather than upon a conclusion arrived at from a bare reading of their testimony. The damages are greater than the evidence seems to justify, and on that account, alone, if at all, can a reversal of the judgment be justified, in my opinion. But before reversing on that ground, I would afford opportunity to appellee to remit in this court, down to a more reasonable sum.

Mr. Justice Gary.

This case is substantially like Goss & Phillips Mfg. Co. v. Suelan, 35 Ill. App. 78, and North Chicago St. Ry. Co. v. Lotz, 44 Ill. App. 78.

The appellee's case stands only upon her own uncorroborated testimony; for that of the other witness mentioned by Judge Waterman, is so contradictory in itself, that it can not fairly be regarded as corroborative of anything.