## Jefferson Ice Company v. Michael Zwicokoski.

1. JURIES—*Not to Count Witnesses.*—Juries are not to count witnesses to weigh their evidence, but a reviewing court will bear in mind that the determination of questions of fact is committed to them.

2. VERDICTS—*Duty of the Court to Set Aside, When.*—When, after a diligent consideration of the record, and giving due weight to every part of it, the Appellate Court becomes thoroughly satisfied that the jury neglected to give that full credence to an apparently large preponderance of evidence which tends to defeat all liability for the injury complained of, the cause must be tried again.

3. PRACTICE—*Exhibition of Injured Limbs to the Jury.*—In a personal injury case it is within the discretion of the trial judge to allow the plaintiff, when testifying, to exhibit his injured limb or body to the jury.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the October term, 1897. Reversed and remanded. Opinion filed November 18, 1898.

SCHUYLER & KREMER, attorneys for appellant.

WILLARD GENTLEMAN, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal is from a judgment of $5,000 in favor of the appellee, entered upon a verdict of a jury for that sum, in an action brought by appellee for personal injuries suffered

by him through the alleged negligence of appellant, by its servants, in improperly guarding and barricading a load of chunks of ice that was being hauled upon a public street in Chicago, in one of appellant's ice wagons, and the reckless driving of the team hauling the same, whereby a heavy piece was precipitated from the rear end of the wagon upon appellee while he was in the act of crossing the street behind the wagon, crushing and breaking his right leg, and otherwise injuring him. The proof was that he was, when hurt, seven years of age.

No point is made against the declaration. The plea was the general issue of not guilty, and the theory of the defense, as the evidence for appellant tended to show was, as stated in appellant's brief:

" 1. That the plaintiff, at the time of the accident, was crossing the street and passed in the rear of the wagon, and so close to the same that the injury resulted from a piece of ice falling from the wagon upon his leg.

2. That the accident was the direct result of his climbing upon the step of the wagon, and while attempting to get a piece of ice the wagon struck a hole in the street, the ice jarred out and knocked him off the step and fell upon him and broke his leg."

Stated in a few words, the main issue of the case at the trial was, how did the plaintiff come to be injured. His own testimony was, that he was in the act of crossing the street to his own home, when, observing the ice wagon approaching, drawn by a team at a gallop, he stopped or stepped back until it had gone past him, and then started to go across behind the wagon. When behind the wagon, one of its fore wheels struck with great force against a man-hole projecting above the level of the pavement, and a large cake of ice was thrown by the force of the shock from the rear of the wagon upon him. One eye-witness of the scene corroborated him in all essentials, and there was other evidence in his behalf tending to support him in respect to the speed at which the team was traveling, and there is no reasonable doubt, from all the evidence, but that

the ice was thrown from the wagon by the shock of the striking of the wagon against the man-hole and that appellee received a very serious hurt from being struck by the falling ice.

For the appellant ten witnesses testified, in substance, that they saw the accident, and that appellee was at the time in the act of riding on the rear step of the wagon in the seeming attempt to get a piece of ice.

We agree with appellee's counsel that the record contains much that is equivalent to a successful attack upon the credibility of some of these witnesses, but rejecting such, there still remains a large numerical preponderance of unimpeached, and for aught we discover in the record, reasonably reliable witnesses to the main fact in the case, which, if well established, should in law defeat a recovery by appellee, there being no claim that the driver had any knowledge of appellee's presence on the wagon, if he were in fact there.

It has been well said that "juries are not to count witnesses so much as to weigh what they say; and a reviewing court must bear in mind that to a jury is the determination of the question of fact committed." N. C. St. R. R. Co. v. Fitzgibbons, 54 Ill. App. 385.

This court has set aside too many judgments where the verdict has been against the great preponderance of the evidence, and the Supreme Court has too repeatedly held it to be its duty so to do, to longer question either its policy or its duty in that regard.

The rules concerning what constitutes the preponderance or weight of evidence are familiar to the profession, and we will not take time to reiterate them.

When, however, as here, after a diligent consideration of the record and giving due weight to every part of it, we become thoroughly satisfied that the jury neglected to give that full regard which the law requires of them, to an apparently large preponderance of evidence that tends to defeat all liability by the appellant for the injury complained of, our duty is, however distressful to the appellee and distaste-

ful to our own sympathies it may be, to require the cause to be tried again.

The point is made that there was an undue exhibition of the injured leg to the jury.

The bill of exceptions states that the shoe and stocking of the witness (appellee) were removed, and the boy (then twelve years old) placed on a table in full view of the jury and turned around so as to show his leg to the jury.

In a personal injury case it is within the discretion of the trial judge to allow the plaintiff, when testifying, to exhibit his injured limb or body to the jury. City of Lanark v. Dougherty, 153 Ill. 163; 2 Elliott's General Practice, Sec. 683.

Doubtless a trial court would, in any given case, restrict the exhibition of an injured limb or body within proper limits of modesty and decency, so as not to offend the dignity and decorum of a court room, and without a violation of such duty its discretion would not be reviewable by an appellate tribunal.

We refrain from a particular discussion of the evidence which might prejudice either party upon a second trial, but reverse the judgment and remand the cause upon the ground that the verdict was against the great weight of evidence.   Reversed and remanded.