## North Chicago St. R. Co. v. Margaret Fitzgibbons.

1. VERDICTS—*Weight and Preponderance of the Evidence.*—To declare arbitrarily that the jury must have erred in the weighing of the evidence, merely because there were nine witnesses upon the one side and but four upon the other, would be to announce a rule as to absolute effect of numbers which the law does not recognize.

2. DAMAGES—*$10,000 Not Excessive.*—In 1891, a woman about thirty-nine years of age and of sound health fell from a car while it was moving, and fractured her hip. She was kept upon a stretcher and in bed for three months; she went upon crutches for six months: and now (1898) walks with the aid of a cane; she has never since the injury, been able to walk without help; there was evidence showing that there is a permanent shortening of the limb, and also a permanent injury to the ball and socket of the thigh bone; that there will be inability for life to move the joint in all directions, and pain upon all changes of weather and prolonged exercise; *it was held* that a judgment for $10,000 is not excessive.

3. INSTRUCTIONS—*Disregarding Testimony.*—An instruction stating that it is only in cases where it is palpable that a witness has deliber-

ately and intentionally testified falsely as to some material matter and is not corroborated by other evidence, that a jury is warranted in disregarding his entire testimony, and that although a witness may be mistaken as to some point of his evidence, it does not follow as a matter of law that he has willfully told an untruth, or that the jury would have the right to reject his entire testimony, is not erroneous.

4.   WITNESS—*Where He Contradicts Himself.*—When a witness contradicts himself in a material part of his evidence, and does so willfully and for the purpose of concealing the truth, he is unworthy of belief, except so far only as he is supported by other evidence in the case.

5.   SAME—*What is Corroborating Evidence.*—Whether other evidence does support or corroborate a witness, depends upon its credibility, and the requirement that it corroborate, would seem to be enough to make the qualifications that it be credible and unimpeached, apply.

6.   JURY—*Knowledge, Observation and Experience in the Business Affairs of Life.*—The rule that permits the jury, in assessing damages, to make their estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation and experience in the business affairs of life, must be limited to the facts and circumstances in proof.

**Trespass on the Case,** for personal injuries.   Trial in the Circuit Court of Cook County: the Hon. ABNER SMITH, Judge, presiding.   Verdict and judgment for plaintiff.   Appeal by defendant.   Heard in this court at the March term, 1898.   Affirmed.   Opinion filed January 9, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

DARROW, THOMAS & THOMPSON, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

This is an action brought by appellee to recover damages for personal injuries alleged to have been sustained by reason of the negligence of appellant.

Appellee, while a passenger upon one of the cars of appellant, and while attempting to alight therefrom, fell, or was thrown, upon the ground and sustained severe injuries.

It was contended by appellee upon the trial that she was thrown by the sudden and negligent starting of the car while she was in the act of alighting; that the car was

stationary when she undertook to leave it, and that she was in the exercise of ordinary care for her safety when injured. On the other hand, the contention of appellant was that appellee fell from the car while it was moving, before it had stopped; that there was no negligence on the part of appellant, and that the accident was attributable to a want of ordinary care on the part of appellee.

There was a decided conflict in the evidence. The testimony of appellee, in support of her claim to the effect, as above set forth, was corroborated by three other witnesses. Appellant's version of the occurrence was corroborated in some degree by each of nine witnesses, seven of whom testified to having seen the accident.

If we were to be guided only by the number of witnesses, it would be a simple matter to conclude that nine preponderated in numbers over four. But the jury might, with propriety, have based their measurement upon other considerations as well as that of mere numbers—as, upon apparent truthfulness, lack of interest, opportunity for observing, intelligence, etc. To declare arbitrarily that the jury must have erred in the weighing of the evidence upon all these considerations, merely because there were nine witnesses upon the one side and but four upon the other, would be to announce a rule as to absolute effect of numbers, which the law does not recognize. If we could say, upon a careful examination of all the testimony of these thirteen witnesses, that the verdict was clearly against the weight of the evidence, then our duty would be plain. But this we can not do in the case here. After careful comparison of the testimony of the various witnesses, we are not prepared to declare that the verdict is manifestly against the weight of the evidence. The case has been once before submitted to a jury, and with like result as here, viz., a verdict for appellee. From judgment upon that verdict an appeal was prosecuted to this court, and the decision therein, reversing such judgment, is to be found in Vol. 54 Ill. App. 385.

It appears from the opinion that the judgment was then

reversed because the verdict was held to be against the weight of the evidence; and it also appears that the number of witnesses then testifying in corroboration of the claim of appellee was one only, instead of three as now. We can not agree with the contention of counsel for appellant that there is any good reason to conclude that the testimony of these additional witnesses was fabricated. The explanation of their absence upon the former trial is not unreasonable, and was evidently accepted as true by the jurors who saw the witnesses. We must therefore decline to disturb the judgment on the ground of the weight of the evidence.

Nor can we say, in view of all the evidence, that the verdict is excessive. Appellee testified that her hip was fractured; that she was kept upon a stretcher and in bed for three months; that she went upon crutches for six months; that she now walks by aid of a stick or cane; that she has never, since the injury, which occurred in 1891, been able to walk without help; that she can not walk out at all when there is any snow upon the walks; that she suffers at night from the injury and can not sleep well by reason thereof; that she can not lie down without pillows under the injured limb; that there is a shortening in the limb; and that previous to the injury her health was good. Dr. Venn testified that there was a fracture; that appellee suffered " great agony; " that a splint was kept upon the limb for four months; that there was a permanent shortening of the limb; that there was also a permanent injury to the ball and socket of the thigh bone; that there will be inability throughout life to move the joint in all directions, and that there will be pain upon all changes of weather and pain upon prolonged exercise. Dr. Murphy testified to the fracture, to a permanent impairment and limitation of the motion of the hip joint, and to a shortening of the limb.

Appellee was, at the time of the injury, about thirty-nine years of age, and of sound health.

No evidence was introduced by appellant upon the nature or extent of the injury. In the former trial the jury awarded a verdict of $14,000. The verdict and judgment

here is for $10,000. Upon careful consideration of all the evidence we are not prepared to say that the amount is excessive. We can not regard the cases cited, wherein damages are measured for injuries consisting only of a broken leg, as applicable to the injuries here established by undisputed evidence.

It is complained that the court erred in the giving and refusing of instructions. Instruction No. 4, given at the instance of appellee, is bad, in that it would require, inferentially at least, such a preponderance of the evidence as " satisfies and produces conviction," to entitle the appellee to recover. But the fault of it could only prejudice appellee, and appellant could only have been aided by the error. We think that this instruction is otherwise unobjectionable.

The reference to the preponderance of the evidence clearly includes evidence presented for appellant, as well as that for appellee. The precise objection here made to this instruction was held not tenable in Mayers v. Smith, 121 Ill. 442, wherein an instruction, of which this is apparently a *verbatim* copy, was considered. What is there said as to the effect of other instructions given, in connection with the instruction in question, applies equally here.

Instruction numbered two, given at request of appellee, is as follows:

" 2. It is the duty of the jury in passing upon the credibility of the testimony of the several witnesses, to reconcile all the different parts of the testimony if possible. It is only in cases where it is palpable that a witness has deliberately and intentionally testified falsely as to some material matter, and is not corroborated by other evidence, that a jury is warranted in disregarding his entire testimony. Although a witness may be mistaken as to some part of his evidence, it does not follow as a matter of law that he has willfully told an untruth, or that the jury would have the right to reject his entire testimony. It is the duty of the jury to consider carefully all the testimony in the case bearing upon the issues of fact submitted to them, and, if possible, to reconcile any and all apparently conflicting statements of the witnesses."

The only objection urged to this instruction is, that it

omits the word credible as qualifying the corroborating evidence. It is true that the instruction is usually given in the form contended for, *i. e.*, the condition is usually stated as "not corroborated by other credible evidence." But we are not prepared to hold that the instruction is bad as given; nor that it would be likely to mislead the jury. The precise form here used in this particular has the approval of text book authority. Sackett on Instructions to Juries, Sec. 7, p. 35 (2d Ed.)

In Bowers v. The People, 74 Ill. 418, an instruction was approved which told the jury that they might disregard the entire testimony of a witness if they believed that he had willfully sworn falsely, etc., "unless corroborated by other unimpeached testimony."

The rule is thus announced in Crabtree v. Hagenbaugh, 25 Ill. 233 :

"When a witness contradicts himself in a material part of his evidence, and should he do so willfully and for the purpose of concealing the truth, he would be unworthy of belief, except so far only as he might be supported by other evidence in the case."

Whether other evidence does support or corroborate a witness would depend upon its credibility, and the requirement that it corroborate would seem to be enough to make the qualifications that it be credible and unimpeached apply.

The objection to instruction numbered five is that it permits the jury, in assessing damages, to make their estimate from the facts and circumstances in proof, and by considering them in connection with their own "knowledge, observation and experience in the business affairs of life." The instruction comes within the rule announced in Ottawa G. L. & C. Co. v. Graham, 28 Ill. 73, and is by that authority approved. The application of the knowledge, observation and experience of the jury is clearly limited to the facts and circumstances in proof.

Instruction numbered one, of which complaint is made, is approved by the decision of the court in passing upon a like instruction in C. W. D. R. R. Co. v. Mills, 105 Ill. 63.

The only other objection to matter of procedure is to the permitting of counsel for appellee to ask the following question:

"Q. Mr. Furthmann, among your papers which you have in court and on the table, I will ask you whether there is a certain report made by Mr. Oswald, the conductor of this car upon which the plaintiff was riding on October 6, 1891?"

The question was asked in connection with the cross-examination of Oswald, and after he had stated that he had made out a report of the time of the occurrence of the injury, and had given it to appellant. The cross-examination was interrupted for the purpose of permitting counsel to ask for the production of this report. The answer to the question disclosed nothing. But it is objected that the court erred in permitting the question to be put. We are unable to assent to this contention.

If the paper had been produced and had contained matters contradicting the testimony of the witness, counsel for appellee might have made proper and legitimate use of it in his cross-examination. But it was not produced, and the whole inquiry led to no result.

We find no reversible error in the record, and the judgment is affirmed.