Burnet v. Union Distilling Co.

---

## William H. Burnet v. Union Distilling Co. et al.

1. VERDICTS—*When Manifestly Against the Weight of the Evidence.*—Where the verdict returned by the jury is manifestly opposed to the weight of the evidence, the judgment based upon it must be reversed and the cause remanded for another trial.

Trespass, *vi et armis.*—Error to the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed July 17, 1900. Refiled July 24, 1900.

H. S. MECARTNEY, attorney for plaintiff in error.

FELSENTHAL, D'ANCONA & FOREMAN, attorneys for defendants in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Plaintiff in error sued the defendants in error, some other parties, and James Pease, sheriff, etc., in trespass *vi et armis* for breaking into a storehouse and seizing four barrels of whiskey, and for carrying the same away.

Besides the general issue of not guilty, the defendants pleaded a justification under a certain writ of replevin issued to said sheriff out of the Circuit Court, at the suit of the defendant in error, Union Distilling Company, against parties named Hartman, and the plaintiff in error.

The replevin writ called for "five barrels of Guckenheimer rye whiskey, marked 'Freeport Distillery.'" According to the sheriff's return, he seized, took away and delivered to the Union Distilling Company (bond being given), four barrels of whiskey, following the description given in the writ. Nothing more specific by way of description of the property is mentioned in either the writ or the sheriff's return.

The real question at issue and the theory upon which the case was tried, appears plainly to have been as to the identity of the whiskey that was taken, with that claimed by the Union Distilling Company and intended by the replevin writ. The attorney of the distilling company who was present with the sheriff and another representative of the company when the storehouse was broken into, said to the representative of the plaintiff in error, then present, that they were looking for five barrels of Guckenheimer rye bought from the distilling company, and when told that those goods were not there but had been sold some days before, answered, "We will take our chances."

It was also shown in evidence by plaintiff in error, that about a fortnight before the whiskey in question was seized, a certain lot of five barrels of Guckenheimer rye whiskey

was purchased by the Hartmans from the Union Distilling Company, and there seems to be no question fairly raised by the record, outside of the conjecturing of counsel for defendants in error in their brief, that it was the whiskey then purchased that was claimed and intended by the writ.

It is not necessary, we think, to discuss the question, upon whom the burden is cast, in an action of this kind, to prove identity of property, for it seems very plain that plaintiff in error clearly proved that the property taken was not the property that was intended by the writ of replevin.

The witness Dinkelman, who had been general manager for the Hartmans, and was familiar with all details of the business, testified positively that neither the whiskey seized nor any then remaining in the store was ever obtained from the distilling company.

Aside, however, from the testimony of Dinkelman, who was in no way contradicted, that the whiskey in question was not bought of the Union Distilling Company, it was shown that the whiskey that was so bought bore entirely distinct and different marks or brands from that which was seized.

It was proved at the trial that means of positive identification of whiskey from the time of its manufacture, existed in specific serial, warehouse, and other numbers, stamped or branded upon each barrel, in pursuance of the excise laws of the United States.

The numbers so borne by the five barrels bought of the Union Distilling Company were shown, and so, also, were the numbers borne by the four barrels that were seized, and they were entirely different.

The only brands borne by the barrels of both lots that were alike, were those of "Guckenheimer rye whiskey" and the name of the distillery. It seems manifest that the always different numbers placed, by requirement of law, upon each barrel, afford a far more certain method of identification of one or any number of barrels of whiskey, than can be found in the mere brand of the name of the distillery and quality of the goods, which is necessarily the same on many barrels.

So, that, even though, as argued by the counsel for defendants in error, the jury might have disbelieved Dinkelman's testimony, it is impossible to see how they could have not only discredited him, but also the brands on the barrels.

There was, practically, no conflict in the evidence, and the verdict of not guilty that was returned by the jury, was so manifestly opposed to the evidence as to require the judgment to be reversed and the cause remanded for another trial. We observe the insistence of counsel for plaintiff in error that judgment in his favor be given here, but we do not regard it as being a proper case for such action. Reversed and remanded.