## Illinois Steel Co. v. Frank T. Kinnare, Adm.

1. VERDICTS—*Duty of the Appellate Court, When Against the Manifest Weight of the Evidence.*—Where a verdict rendered in the court below is without any support in the evidence, or if it is contrary to the manifest weight of the evidence, it is the duty of the Appellate Court to so declare and to set aside the judgment based upon it.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Mr. Justice WINDES not concurring. Opinion filed January 24, 1901.

**Statement.**—This suit was brought by appellee to recover for negligence of appellant which, it is alleged, caused the death of Henry M. Roehl, appellee's intestate. Appellant,

engaged in a manufacturing business, was enlarging a shed, which was part of its plant. A new roof was in process of construction over the old shed, and in constructing the new roof it was determined, by the employes of appellant engaged in the work, to make use of the old roof of the shed as a scaffolding upon which the workmen should stand while building the new roof and while handling heavy timbers for that purpose. The foreman, Kraft, who stood in the relation of a vice-principal of appellant, went to the place in question, examined the old roof to ascertain its soundness and sufficiency for use as a scaffold for the workmen to stand upon in their work and in the handling of the heavy timbers to be used, and after such examination directed the workmen, including appellee's intestate, to use the roof for a scaffold, but to first lay boards upon it, to strengthen it and make it safe. The old roof was constructed as follows: Upon beams or trusses 6 x 8 inches in size and placed eight feet apart from center to center and running north and south, were placed joists 2 x 8 running east and west, and distant from one another two feet from center to center. Upon these joists were placed inch boards which were covered with sheet iron. The boards which the foreman, Kraft, directed to be laid upon the old roof before it was used as a scaffold, were inch boards sixteen to twenty feet in length, and there was a sufficiency of these boards there to cover the old roof.

Roehl, appellee's intestate, who is shown to have been an experienced carpenter, went upon the roof to work. Some boards were used as directed by the foreman, but it does not appear that the directions of the foreman were followed to the full, by placing boards over the entire old roof. While Roehl was at work the old roof broke under him, he fell through, and was so injured that he died. The break in the old roof was caused by a giving way of one of the joists which rested upon the trusses. No truss broke, and it appears that the trusses were sound. It does not appear that any board was laid at the place where the joist broke. The negligence charged by the different counts of the *narr.*

is negligence in directing the deceased to use the old roof for a scaffold upon which to work and handle heavy timbers.

Upon the trial the jury rendered a verdict for appellee, assessing the damages at $4,000, and from judgment upon that verdict this appeal is prosecuted.

KEMPER K. KNAPP, attorney for appellant.

FANNING & HERDLICKA and WALSH & MCARDLE, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The principal questions presented relate to the sufficiency of the evidence to establish negligence on the part of appellant and exercise of due care upon the part of appellee's intestate. Both facts, viz., the negligence of the former as a proximate cause of the injury, and the lack of any negligence of the latter contributing thereto, were essential to a recovery. That the old roof, without any re-enforcement, was unfit for use as a scaffolding, is sufficiently established. That it was so unfit and dangerous when re-enforced to the extent to which the deceased and other workmen re-enforced it by use of boards, is also sufficiently established. It does not, however, appear from the evidence that the deceased and the other workmen followed the directions of the foreman by covering the old roof with the boards which were provided for that purpose. Whether there were boards laid at the place where the joist broke is not shown by the evidence. The inference from all the evidence would be that they were not. One witness testified that the joist only broke. No witness says anything of a board laid upon the old roof being broken. Counsel for appellee do not contend that a board was laid at the place where the joist broke, and that both joist and board broke. If it appeared from the evidence that the deceased had followed the instruction of the foreman and had laid boards upon the old roof covering the place in question, and that after such precaution the board and the roof had nevertheless given way,

then we think the negligence of the appellant in directing its employe to go upon an unsafe place to work, and the exercise of ordinary care on the part of the deceased, and the question of assumed hazard, might have been determined by the jury in favor of the appellee. There is no question but that Kraft, the foreman, knew of the condition of the roof. A jury might well find that the employe in following his directions was in the exercise of ordinary care. But the difficulty is that it is not shown that the deceased did follow the directions of the foreman, through whose act in directing the deceased, it is sought to charge liability upon appellant. This failure in the evidence goes to both of the essentials, viz., a showing of negligence of appellant causing the injury, and a showing of due care upon the part of the deceased. There is nothing in the evidence to warrant a jury in concluding that the roof when re-enforced by the boards would be unsafe for the use in question. The beams or trusses are shown to have been sound, and were only eight feet apart from centers. The boards being one inch in thickness and sixteen to twenty feet in length, it is evident that if they were placed across these beams they would have very materially strengthened the structure. That the old roof thus strengthened would still have been an unsafe place to work, with the materials and timbers to be used, is not shown by the evidence, nor is it fairly inferable therefrom. Therefore we think that the verdict, in so far as it finds, in effect, the appellant guilty of negligence in directing the deceased to use the roof as a scaffolding, after having placed boards upon it, is against the manifest weight of the evidence. The same condition of the evidence appears as to the other essential fact, viz., due care upon the part of the employe. So far as the evidence discloses, the deceased at the time he was injured was not following the directions of the foreman, but was proceeding by a different method not authorized nor directed by the employer, viz., a use of a part of the old roof without first strengthening it by placing boards over it at that place. He had been warned that the roof was unsafe in its first condition, until re-enforced, and

yet he used it, so far as the evidence discloses, in precisely that condition. In so doing he must be said to have assumed the hazard; and it is difficult to see how his conduct in so doing, contrary to express notice of danger, can be viewed as an exercise of ordinary care.

We are unable to find anything in the evidence sufficient to warrant the jury in finding that there was an exercise of ordinary caution by the deceased for his own safety. In this respect we regard the verdict as lacking sufficient support in the evidence.

It is true that this is a question of fact, coming within the province of the jury to determine, but there must be some evidence to sustain a finding by a jury upon this essential to a recovery. If the finding be without any support whatever, or if it be contrary to the manifest weight of the evidence, in either case the duty of this court is to so declare and to set aside a judgment based upon such a finding. The Supreme Court, when reviewing questions of fact, exercised this duty. Chase v. Debolt, 7 Ill. 371; Keaggy v. Hite, 12 Ill. 99; Schwab v. Gingerick, 13 Ill. 697; Baker v. Pritchett, 16 Ill. 66; School Inspectors v. Hughes, 24 Ill. 231; Ohio & Miss. R. R. Co. v. Schiebe, 44 Ill. 460; C. C. & I. Ry. Co. v. Troesch, 57 Ill. 155; Chicago & Alton R. R. Co. v. Purvines, 58 Ill. 38; C., B. & Q. R. R. Co. v. Gregory, Id. 272; Reynolds v. Lambert, 69 Ill. 495; C., B. & Q. R. R. Co. v. Rosenfeld, 70 Ill. 272; I. C. R. R. Co. v. Chambers, 71 Ill. 519; Rock Island v. Vanlandschoot, 78 Ill. 485.

And this court, since the law has delegated to it the duty of thus reviewing the facts and determining whether a verdict which is the basis of the final judgment is supported by evidence and not against the manifest weight of it, has exercised that duty. Chicago & E. I. R. R. Co. v. Gill, 37 Ill. App. 61; N. C. S. R. R. Co. v. Lotz, 44 Ill. App. 78; Henkins v. Miller, 45 Ill. App. 34; Doremus v. Clarke, 51 Ill. App. 435; Camp v. Shaw, 52 Ill. App. 241; Wheaton v. Johnson, 55 Ill. App. 53; Robinson v. Harrington, 61 Ill. App. 566; I. C. R. R. Co. v. Swisher, 61 Ill. App. 611, 623; W. M. L. Ass'n v. Robinson, 74 Ill. App. 455; Elguth v.

Grueszka, 75 Ill. App. 281; W. U. O. S. Co. v. Warner, 78 Ill. App. 576; Jefferson Ice Co. v. Zwicokoski, 78 Ill. App. 646; Belt Ry. Co. v. Kinnare, 83 Ill. App. 200; Burnet v. U. D. Co., 90 Ill. App. 305; C. E. St. Ry. Co. v. Lee, Id. 393.

The propriety of citing any authority in this behalf arises only upon the fact of the constantly recurring arguments of counsel to the effect that when a jury have been permitted to pass upon the evidence, their conclusions of fact should be treated as final.

The instruction tendered by the appellee and given by the court is faulty in that, while assuming to give the elements necessary to a recovery, it omits any reference to the defense of an assumed hazard. The H. H. M. Co. v. Spehr, 145 Ill. 329; C. R. I. & P. R. R. Co. v. Cleveland, 92 Ill. App. 308.

Because the verdict upon which the judgment was rendered is manifestly against the weight of the evidence, the judgment is reversed and the cause is remanded.

Mr. Justice Windes not concurring.

I am unable to concur in the conclusion of the majority of the court in reversing this cause for another trial. In my opinion the verdict of the jury is not clearly and manifestly against the weight of the evidence, which presents matters peculiarly for the consideration of a jury. The case is close upon the facts, but in my judgment there is no reversible error presented by the record. The appellant can not complain of the erroneous instruction referred to, because it asked two instructions, numbers 7 and 8, based upon the same theory, which were given.