Trumbull, J. Hite sued Keaggy in trover for a note and mortgage, executed by the latter to one Wautland, and by him assigned to Hite, who delivered the same to Keaggy. Whether the note and mortgage, were delivered to Keaggy as a pledge or security for a debt, or absolutely to be cancelled and accounted for, in a future settlement between the parties, is the main point in controversy. The only evidence, tending to show that the note and mortgage were delivered to Keaggy as a pledge, is that of a single witness, who' testified as follows: that “she knew they were given up to the defendant, that the reason why plaintiff gave them to defendant, was, that defendant was calling upon plaintiff for money ; that during the conversation she heard something said about security, but did not know what was intended to be secured, but that they were given up as security, and that defendant said at the time, that if upon a final settlement he fell behind anything, he would make it good to the plaintiff.” This evidence, by itself, leaves it extremely doubtful in what capacity Keaggy got possession of his note and mortgage. While the witness in one part of her testimony says, that “they were given up as security,” it would appear from the statement of the defendant made at the time, that he received them on account of the claim he was endeavoring to collect, and was to account for them on a final -settlement between the parties. Independent of any evidence, the presumption of law would be, that a note was satisfied when it was given up by the holder to the maker. The case thus left in doubt by the evidence of the plaintiff, is made perfectly clear, by the testimony subsequently introduced by the defendant. Two witnesses testified, that they were present when the plaintiff demanded the note and mortgage of the defendant; that defendant refused to deliver them up, and requested plaintiff to state how defendant came in possession of them, which plaintiff declined to do; and when asked by defendant, if the note and mortgage had not been given up to him, for what plaintiff owed him on the estate of John Hite, deceased-—-the balance, if anything, was due on final settlement, to be made good by defendant—he admitted that such was the contract. How the jury with this evidence before them, could return the verdict they did, is matter of surprise. The testimony as it appears in the record, preponderates altogether in favor of the appellant, and though this court is reluctant to set aside a verdict as contrary to evidence, which the judge who presided at the trial has refused to disturb, yet when the record discloses a case in which the jury have found so manifestly against the evidence as in this instance, it would be doing injustice to permit their verdict to stand. As this question disposes of the case, it is unnecessary to pass upon the propriety of -the instruction given to the jury. It may not, however, be amiss to remark, that the defendant cannot be allowed a set off, nor the accounts between the parties be adjusted, in an action of trover. The plaintiff, if entitled to recover at all, is entitled to a verdict for the full amount due upon the note and mortgage, at the time of the conversion. Costelyon v. Lansing, 2 Caines’ Cases in Error, 200. The judgment of the Circuit Court is reversed, and the cause remanded, -Judgment reversed.