EZRA BAKER, Plaintiff in Error, *v.* WRIGHT B. PRITCHETT, Defendant in Error.

### ERROR TO CRAWFORD.

Where a verdict is erroneous, and manifestly against the evidence, a new trial should be granted.

THE opinion of the Court furnishes a statement of the case. The cause was tried before HARLAN, Judge, and a jury, at March term, 1854, of Crawford Circuit Court.

A. KITCHELL, for Plaintiff in Error.

C. CONSTABLE, for Defendant in Error.

CATON, J. There can be no doubt that the jury fell into some gross error in regard to the law of the evidence, in making up their verdict. In September, 1847, the parties had an accounting and settlement together of all demands, except for the defendant's services, at which the defendant was found indebted to the plaintiff in the sum of $670, for which a due bill was given, containing a memorandum of the settlement, and a schedule of the items of the settlement, of which each party took a copy. The copy of the due bill and the schedule were filed with the declaration in the cause, which, at the time of the trial, were lost from the files and could not be found. The contents of the due bill were proved at the trial, but the witness could not recollect the items embraced in the schedule. As a set-off, the defendant proved one month's

service in November, at two dollars per day, and also service from the fifteenth of February to the tenth of June, upon the value of which, several witnesses were examined, who varied in their opinion from one to five dollars per day. This is all the set-off of which there is the least particle of evidence in the record, except services for twenty-eight nights during the time, watching the boats, which one of the witnesses thinks was worth five dollars per night. Allowing the highest price set upon these services by any of the witnesses, and the amount does not exceed six hundred and forty-seven dollars, which set off against the amount due upon the settlement, leaves a balance due the plaintiff, of twenty-three dollars, without reckoning interest upon the due bill. The jury, nevertheless, rendered a verdict in favor of the defendant for $283.

During the trial, certain receipts were shown to one of the witnesses, purporting to be signed by third persons, acknowledging the payment of several hundred dollars from the defendant on account of the plaintiff, but the witness testified that he knew nothing about them in any way, and they were not even offered in evidence to the jury. They were all dated previous to the settlement, and there was no pretense or effort to show that they were not included in the settlement. It is impossible to account for so extraordinary a verdict, except upon the supposition, that these receipts in some way got before the jury, and were allowed by them to the defendant. Be this as it may, the verdict is unquestionably wrong, and should have been set aside by the circuit court, and a new trial granted.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*