## THOMAS TILLEY

### *v.*

## J. L. SPALDING.

NEW TRIAL — *verdict against the evidence.* A verdict against evidence can not stand. In an action to recover $180, balance due on a contract, the plaintiff proved, without contradiction, that he made and delivered to the defendant, at a stipulated price, two hundred washing machines, which were received without objection. The defendant claimed that forty or fifty of the machines were not exactly according to the pattern furnished. The jury found for plaintiff, but only gave him $45. The court refused a motion for a new trial. *Held*, that the verdict was against the evidence, and that the court ought to have granted a new trial.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Messrs. Haines, Story & King, for the plaintiff in error.

Messrs. Moore & Caulfield, for the defendant in error.

Mr. Justice Breese delivered the opinion of the Court:

This is a clear case where the jury have gone, not against the weight of the evidence, but against the evidence. The proof is uncontradicted that the plaintiff made and delivered to the defendant, two hundred washing machines, which were received without objection, and at a stipulated price of six dollars and fifty cents for each machine.

On the trial defendant claimed that about forty or fifty of the machines were not exactly according to the pattern furnished the plaintiff. Allowing forty-five of the machines were defective, and deducting the entire value of them, $292.50, and allowing all the moneys paid by defendant, which amount to $525, there would remain a balance due the plaintiff of four hundred and eighty-two dollars and fifty cents, and the jury allowed him only forty-five dollars.

The *ad damnum* in the declaration was one hundred and eighty-five dollars, and to this extent should have been the recovery. The motion for a new trial should have been allowed. *Lowry* v. *Orr*, 1 Gilm. 70; *Scott* v. *Plumb*, 2 id. 595; *Baker* v. *Pritchell*, 16 Ill. 66; *Hopkins* v. *Chittenden's Admr.*, 36 id. 112.

The judgment is reversed and the cause remanded that a new trial may be had.

*Judgment reversed.*