## SIMON REID ET AL.

### V.

## GEORGE R. HOUSTON, use, etc.

DAMAGES—ILLOGICAL VERDICT.—Where there was no dispute as to the amount of the fund in question ($531.69), and the jury, having found for the plaintiff, should have rendered a verdict for the entire sum, but gave one for $375, the plaintiff only can complain of such verdict. A defendant can not be heard to assign as error that the amount of damages assessed against him is too small.

APPEAL from Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 23, 1886.

Appellants are a wholesale grocery firm. In April, 1884, it was ascertained that a customer of the firm, who owed about fifteen hundred dollars, was embarrassed and was about to have a judgment entered against him, under which it was feared his whole stock would be sold out and appellants would get nothing of what was due them. One Eckley, the credit manager for appellants, acted for them in making an arrangement to secure the amount of their claim, and, it is claimed by appellee, that the arrangement was that Houston should buy the stock of the customer, giving his note therefor; that appellants would take his note as payment from the customer of his, the customer's, debt to them; that Houston would go on and conduct the business or close it out if he saw fit, and on paying his note to appellants, whatever there was left of the proceeds over and above the amount of said note, he was to have for himself. He closed out the business and after paying his note and all expenses attending the transaction, there was, on his theory, a balance of $531.69 coming to him. This was a proceeding against appellants as garnishees to recover such balance, and they answered admitting that such balance appeared on their books to the credit of appellee, but alleging that, in fact, the money belonged to

them; that Houston was their employe and that in the transaction of purchasing the stock and selling it out he acted as their trustee, and that the account was kept in his name on the books as a matter of convenience.  The main dispute was on the question whether Houston bought the stock on his own account or as trustee for appellants, and on this point there was much contention; but as to the amount of the fund, if it in fact belonged to Houston, there was no dispute.  It was agreed on all hands that the amount was $531.69.  The jury returned a verdict for Houston for $375.  There was judgment on the verdict, and the case comes here by appeal.

Messrs. Frank J. Smith & Helmer, for appellants.

Messrs. Gardner, McFadon & Gardner, for appellee.

Moran, J.  It is contended by appellants' counsel that the instructions given by the court contain error in that two of them do not require the jury to find the facts from the evidence, but say simply, "If the jury shall find," etc., without confining them by the words "from the evidence."  The instructions in which the omission complained of occur, are so connected as propositions with instructions in which the jury are directed to find from the evidence, that we do not think it possible that the jury were in any manner misled in that regard.  When all the plaintiff's instructions are considered together and in connection with the one given by the court of his own motion, in which the jury are told that as to what the facts are, and what the verdict should be, they must determine for themselves, from the evidence and from that only, they are not obnoxious to the objection urged against them.  The minds of the jury were directed to the evidence, and that only, as the ground of their verdict.

It is strenuously urged against the verdict, that it is logically absurd and inconsequential; that if the jury found for the plaintiff, they should, as a matter of course, have fixed his damages at the whole amount of the balance in appellants' hands.  It is undoubtedly true that having found for

the plaintiff, there being no dispute as to the amount of the fund, the jury should have given him the entire sum. But the error is against the plaintiff and he is not here complaining of the verdict. The verdict might indeed be set aside on his motion, but a defendant can not be heard to assign as error, that the amount of damages assessed against him is too small. Lury v. Bundy, 9 N. H. 298; Wolf v. The Goodhue Ins. Co., 43 Barb. 400.

The cases cited by appellants' counsel where verdicts were set aside because not as large as required by the proof, are cases where the party against whom the error was made was complaining. Keagy v. Hite, 12 Ill. 99; Tilley v. Spalding, 44 Ill. 80; Cody v. Commercial Ins. Co., 13 Bradwell, 110.

There is no error appearing on this record, which authorizes a reversal, and the judgment must therefore be affirmed.

Judgment affirméd.