[Marlowe v. Rogers.]

# Marlowe v. Rogers.

### *Action of Trover.*

1. *Set-off; no defense to action of trover.*—The action of trover being an action for a tort, a set-off is not available as a defense thereto.

2. *Same; must be specially pleaded.*—A set-off is not available under the plea of the general issue, but must be specially pleaded.

3. *Error in sustaining demurrer; when error without injury.*—An error in sustaining a demurrer to a plea in bar is error without injury, and will not work a reversal of the cause, when the plea presented no defense which was not available under the plea of the general issue, which had been pleaded, and on which the cause was tried. ·

4. *Evidence of set-off; not admissible under the general issue.*—Where, in an action of trover, issue is joined on the plea of the general issue, evidence by the defendant of facts constituting a set-off against a claim for damages by the plaintiff is not admissible.

5. *Action of trover by one co-tenant against another.*—An owner of land, who rents his land to another under an agreement that he is to furnish the lands, teams and implements for making the crop, and the tenant is to furnish the labor, and the crop raised is to be equally divided between them, is a tenant in common with his renter as to the crops raised ; and if such owner takes possession of all the crops when gathered, without any legal proceeding or permission from his co-tenant, he is guilty of conversion of one half of the crop, and is liable in an action of trover brought against him by his co-tenant.

APPEAL from the Circuit Court of Tuscaloosa.

Tried before the Hon. S. H. SPROTT.

This was an action by the appellee, Rogers, against Marlowe, the appellant, for the recovery of $50, as damages for the conversion by him, on the 10th of November, 1892, of 100 bushels of corn, and 2,000 pounds of seed cotton, the property of the plaintiff.

The defendant pleaded, besides the general issue, two special pleas, the first of which was a plea of set-off, setting up, that at the time of the commencement of the action, the plaintiff was indebted to him in the sum of $100, for merchandise, goods and chattels sold by the defendant to the plaintiff ; also for work and labor done for the plaintiff by the defendant ; for money lent by defendant to plaintiff ; for money paid by defendant for plaintiff, at

[Marlowe v. Rogers.]

his instance and request. The second one was, that defendant had a landlord's lien on the property alleged to have been converted; that the products were raised and grown on lands of defendant; that he furnished the teams to cultivate said products, and that he furnished supplies and advances to the plaintiff; that such advances were made for the sustenance and well-being of the plaintiff and his family, in cultivating and gathering the crop and preparing it for market; that plaintiff agreed, that the defendant should take possession of plaintiff's part of the crop claimed to be converted, and apply it to the debt, which plaintiff owed defendant for advances as aforesaid; that in pursuance of said agreement, he marketed the said products, and credited plaintiff's debt to him for advances, and for which he held a landlord's lien; that he allowed plaintiff credit for the market value of the property, and after allowing him such credit, plaintiff still owed defendant a balance on said advances, for which defendant claimed judgment.

The plaintiff demurred to the first plea, on the ground, that no set-off, or plea of set-off is available in an action in trover. He demurred to the second plea, because the same is a plea of set-off, "not available in this action *ex delicto*, and because it combines or attempts to combine a plea of set-off, asking judgment for a balance due defendant—which plea is not available in this action— and a plea denying the conversion as charged in the complaint, which pleas can not be combined in such manner; and because it nowhere gives the amount of said debts for advances." The plaintiff also moved the court, to strike out plea No. 2, "(1), because the same is unnecessarily prolix, irrelevant and frivolous; (2), because the same is not a concise, plain statement of the matter relied on as a defense, and required by the Code of Alabama; and the averment that plaintiff 'agreed that defendant should take and apply the chattels, whose conversion is herein sued for, in satisfaction of a debt due by plaintiff,' would be a full and sufficient statement of the defense; (3), because the said plea attempts to set-off other debts against plaintiff's action, and attempts to claim judgment for a balance, without stating the amount of the said set-off debts, and without stating the amount of said balance for which judgment is claimed by defendant; and because all this is joined in the same plea with

a plea to the merits of the action." The judgment entry recites that "demurrers to pleas setting up set-off, each, sustained. Motion to strike plea No. 2 from the file granted."

The plaintiff testified that during the year, 1892, plaintiff rented lands from defendant for the purpose of making a crop; that defendant furnished the land, teams and implements to make the crop, and plaintiff the labor, and by agreement the crop raised was to be equally divided between them; that when the corn had been gathered in October, and lay in piles in the field, defendant drove up one day with a wagon, and said he was going to take the corn and haul it home; that plaintiff asked him if he had an attachment for it, to which inquiry defendant replied, he had not, but that he had something better, and that he was going to take the crop for what plaintiff owed him for advances; that plaintiff protested against his taking the corn and commanded him not to do so, but defendant proceeded to haul off the entire crop of corn against the protest of plaintiff; that shortly after this defendant sent over to plaintiff's house, while plaintiff was away from home, where plaintiff had stored the entire crop of seed cotton raised on the place, and hauled it away to a gin, and afterwards, to market and sold it, and told plaintiff, afterwards, he had sold the cotton and paid in part, with the proceeds belonging to plaintiff, his account for advances; that the corn taken was 80 or 100 bushels, worth from 50 to 60 cents per bushel, and the cotton 2,500 pounds, worth from $2\frac{1}{2}$ to 3 cents per pound, and that this was all the corn and cotton that was raised by plaintiff on the defendant's land; that defendant ever after taking the corn and cotton denied that plaintiff was entitled to have any part thereof, or that he had any right or interest therein; and that defendant had entirely excluded him from any use or enjoyment of the same, or any participation in the proceeds of the sale thereof.

On the cross examination, defendant asked the plaintiff, "If he did not owe him, defendant, for advances to make said crop, in an amount greater than the value of his, plaintiff's, share of the crop, for which he was suing defendant for conversion?" On plaintiff's objection to the question, that it called for evidence not admissible under the pleadings, the question was not alllowed to be

answered, and defendant excepted. In answer to another question, not objected to, he stated, that he did not consent for the defendant to take the crop and apply his, plaintiff's part, in part payment of the debt which he owed defendant for advances to make the crop.

The defendant proposed to ask witness, if he had not, in February, 1893, when defendant became his surety to Mr. Hayes, for additional supplies, told defendant, if he would aid him in getting the supplies, that defendant could hold the crop made for the advances, until they were paid for, and further, if he, plaintiff, did not know that the corn was all in the crib of defendant and had not been used or sold? To each of these questions the court sustained objections, on account of their immateriality, and defendant excepted.

The defendant then proposed to prove, that he had a landlord's lien on the property alleged to be converted, and that the proceeds of the sale of the cotton had been applied by him to part payment of the debt of plaintiff to defendant, for advances furnished to make the crop grown by him; that the corn alleged to have been converted was yet all in tact on defendant's premises where it was originally stored when taken, and that none of it had been consumed or sold. The plaintiff separately objected to the proposed evidence on the ground that it was irrelevant, immaterial, and was no defense to the action. The objection was sustained, and defendant excepted.

The court, at the request of plaintiff, gave the general affirmative charge in his favor, to which defendant excepted.

There were verdict and judgment for plaintiff, assessing his damages at $50. Defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

JONES & MAYFIELD, for appellant.—The plaintiff and defendant were tenants in common of the crop alleged to have been converted by the defendant, and the defendant had a common right to the possession of the crop with the plaintiff; and he also had a lien on the plaintiff's portion of the crops, for the supplies furnished by the defendant for making the crop.—Code, §§ 3065, 3075; *Mooney v. Hough*, 84 Ala. 80; Freeman on Co-tenancy, §§ 100, 254.

33

As defense to an action of trover, the defendant may also show, even on the general issue, that the title to the goods is in himself, either absolutely or as a tenant in common, or that he has a lien on the goods, or that he took the goods for rent.—*Williams v. Crum*, 27 Ala. 468; *Ewing v. Bland*, 20 Ala. 694; *Carpenter v. Going*, 20 Ala. 591; *McGowen v. Young*, 2 Stew, & Por. 160; 2 Greenl. on Evidence (4th Ed.), § 648; Roscoe on Evidence, (1st Amer. Ed.), §§ 408–412.

It is well settled that claims for damages that arise *ex delicto* may be recouped in actions *ex contractu* and *vice versa*, if both claims spring from the same transaction.— *Sledge v. Swift* 53 Ala. 110; *Nabring v. Bank of Mobile*, 58 Ala. 204; *Rosser v. Bunn*, 66 Ala. 89; *Conner v. Smith*, 88 Ala. 300; *Johnson v. Aldridge*, 93 Ala. 76; 22 Amer. & Eng. Encyc. of Law, 357, 348; *Cassey v. Guillow*, 7 Amer. Rep. 494; *Stow v. Yarwood*, 14 Ill. 424; *Brigham v. Howley*, 17 Ill. 38.

ORMOND SOMERVILLE, *contra.*—The plea of set-off is not available as a defense to an action of trover.—*Russell v. Russell*, 62 Ala. 48.

The evidence sought to be introduced by the defendant, relative to claims constituting a set-off was inadmissible and properly excluded.—Code, 1886, § 2675; *Slaughter v. Doe*, 66 Ala. 494; *Lunsford v. Walker*, 93 Ala 36; *O'Brien v. Anniston Pipe Works*, 93 Ala. 585; *Odum v. R. R. Co.*, 94 Ala. 488.

A sale by the tenant in common of his co-tenant's interest in personal property is a conversion, and will sustain an action of trover.—*Russell v. Russell*, 62 Ala. 48; *Fiquet v. Allison*, 12 Mich. 330, 86 Amer. Dec. 54; *Delaney v. Root*, 99 Mass. 546, 97 Amer. Dec. 52; *Bolling v. Kirby*, 24 Amer. St. Rep. 816, 817.

HARALSON, J.—Trover is an action for a tort, and a set-off is not available in its defense.—*Russell v. Russell*, 62 Ala. 48; *Whitworth v. Thomas*, 83 Ala. 308; *Donohue v. Henry*, 4 E. D. Smith (N. Y.) 162; *McLean v. Hugarin*, 13 John. 184; *Keaggy v. Hite*, 12 Ill. 99; *Fishwick v Sewell*, 4 Har. & J. (Md.) 409; *Arthur v. Sylvester*, 105 Penn. 233; 22 Amer. & Eng. Encyc. of Law, 239–240. The demurrer to special plea No. 1 was, therefore, properly sustained.

[Marlowe v. Rogers.]

The other special plea No. 2, has many of the elements of a plea in bar, and concludes as a plea of set-off or recoupment. If treated as one of the latter character, the demurrer to it was properly sustained; but if, as a plea in bar, and there was any error in sustaining the demurrer to it, it was error without injury, since it proposed no defense which was not available under the general issue, already pleaded, and on which the case was tried.

A set-off is not available under the plea of the general issue, and the evidence offered by defendant and objected to was properly excluded, since it was not applicable to any issue in the case.—Code, § 2675; *Odum v. Rutledge & Julian R. R. Co.*, 94 Ala. 496; *Slaughter v. Swift*, 67 Ala. 494, 499.

The uncontroverted evidence shows, that the defendant, without any legal proceeding, and against the protest and remonstrance of the plaintiff, seized and carried away all the cotton and corn which the plaintiff had raised that year. So far as appears, the plaintiff had not asserted his possession of the property, in any manner to deny defendant's right or claim to it as a co-tenant with plaintiff, or for any lien he claimed on plaintiff's interest in it for advances. Defendant sold the cotton, and at the trial, proposed to prove he had not sold or used, but had the corn on hand, but denied that plaintiff was entitled to have any part of it, or that he had any right or interest in it. Such acts as these, were a conversion, not only of the cotton which defendant had sold and the proceeds from which he had appropriated, but of the corn also, just as if he had consumed or sold it. He had no more than a parol mortgage, so far as it has been made to appear, on plaintiff's interest in the crops, for any advances he may have made to him; and this was void, bestowing on him no legal or equitable title on plaintiff's share.—Code, § 1731. He had no right, under any circumstances, against the consent of the plaintiff, to take and carry away all the crops, and for more than his share thus carried away, he is liable to the plaintiff.

The court very properly charged the jury, that if they believed the evidence they must find for the plaintiff. The evidence shows very clearly, that plaintiff's judgment was for not more than his half interest in said corn and cotton.

Affirmed.