# John D. Casey v. Wm. M. Vandeventer.

1. TRIAL BY THE COURT—*Questions of Fact.*—Where a cause is submitted to the court without a jury, the presumption is that the judge trying it is in a position to determine accurately whether the finding is right, and acting under the responsibility of his place, has determined correctly.

2. JUDGMENT—*Who Can Not Object that it is Too Small.*—The fact that a judgment is too small is an error of which the person against whom it is rendered can not complain.

3. BILL OF PARTICULARS—*Office of.*—The bill of particulars limits the claims for which recovery can be had to those specifically set forth in it, but it does not limit the introduction of evidence tending to prove such claims.

4. ABSTRACT—*Must Be Sufficiently Full.*—The abstract must be sufficiently full to present all errors upon which appellant relies.

Assumpsit, for legal services. Trial in the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court, First District, at the March term, 1898. Affirmed. Opinion filed June 21, 1898.

CHARLES B. OBERMEYER, attorney for appellant.

EDWARD MAHER and CHARLES C. GILBERT, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was a suit to recover on an alleged contract for legal services. Appellee claimed to be entitled, under an agreement, to a specific share in a fee received by appellant. The cause was submitted to the court without a jury. There was a finding and judgment in favor of appellee.

It is sought to reverse the judgment because it is alleged that the finding of the trial court is not justified by the evidence, and, second, because it is said that appellee could only recover by proving the contract precisely as set out in the bill of particulars, with a preponderance of the evidence.

So far as the first ground of objection is concerned, we

find in the record evidence tending to sustain the judgment, and although there is conflict in the testimony, still the finding of the trial court, with the parties before it, should conclude us under this record as to questions of fact. The cause having been submitted to the court without a jury, the presumption is, as was said in substance in Bishop v. Busse, 69 Ill. 403, 406, that the judge trying the case "is in a position to determine accurately whether the finding is right, and acting under the responsibility of his place, has determined correctly."

The second objection, that the appellee was entitled to recover neither more nor less than the amount claimed to be due him under the contract as set out in the bill of particulars, and that it was error for the court to assess the damages at less than the full amount claimed, in other words, that the judgment is too small, is not well founded. It is not an error of which the appellant can complain, and no complaint is made by the appellee. Reid v. Houston, 20 Ill. App. 48–50.

The bill of particulars limits the claims for which recovery can be had to those specifically set forth therein, but does not limit the introduction of evidence tending to prove such claims. McDonald v. The People, 25 Ill. App. 350.

Neither does it prevent the recovery of a less amount than is claimed therein. In this case there was evidence tending to show that the appellant had rendered some services to appellee. The court may, for this reason, have credited appellant with the difference, if any there was, between the amount claimed under the contract and the judgment as rendered. The abstract, however, fails to show the amount of the finding and judgment, and hence we are not advised as to what, if any, deduction was made. The abstract must be sufficiently full to present all errors upon which appellant relies. Shields v. Brown, 64 Ill. App. 259. See, also, South Chicago City Ry. Co. v. Przybylinski, decided by this court at the present term.

The judgment of the Circuit Court is affirmed.