## August Miller et al. v. H. G. Goelitz.

1. PRESUMPTIONS—*Trials Without a Jury.*—Where a case is submitted to the court for trial without a jury, the presumption is that the judge, in trying the case, has determined correctly, and unless the findings are clearly against the preponderance of the evidence, they will not ordinarily be disturbed.

2. ESTOPPEL—*By Acquiescence.*—Where a note was given in settlement of a running account, which contained, among others, some items for plumbing, through a series of years prior to the time suit was brought, a defect in the plumbing, which had been in use for more than four years, was held to be no defense to the note.

Assumpsit, on a promissory note.   Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed.   Opinion filed November 21, 1899.

AMERICUS B. MELVILLE and WILLIAM G. HATCH, attorneys for appellants.

CARLOS J. WARD, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This was a suit upon a note, executed by appellants, upon which judgment was entered by confession in favor of appellee, which was subsequently set aside and appellant allowed to plead.

The judgment note was given in settlement of a balance due appellee for plumbing. The work was done in August, 1893. The note was given January 16, 1896, payable one year after its date. It appears that appellants employed appellee to do other plumbing and gas-fitting, during the following year at least; that payments were made on account, and the note in controversy was given in settlement of a balance due, and included $10 interest, which appellant Miller agreed to pay. This settlement was made nearly two years and a half after the work which is now objected to had been completed. It was not until after judgment by confession had been entered upon the note, in January, 1898, that appellants discovered the job now complained of, completed nearly four years and a half before, was defectively and improperly done.

Appellants contend that the evidence shows the work was done contrary to the contract, and contrary to the ordinances of the town of Cicero.

The contract was verbal, and the testimony as to what was said at the time is somewhat conflicting. The case was submitted to the court without a jury. The presumption is that the judge trying the cause has determined correctly. (Casey v. Vandeventer, 76 Ill. App. 628.) Unless the findings are clearly against the preponderance of evidence they will not ordinarily be disturbed. (Burgett v. Osborne, 172 Ill. 227–238.) We can not say from this record that the work was not done in accordance with the agreement between the parties.

Miller v. Goelitz.

After judgment by confession had been entered against appellants, the latter procured the superintendent of the town of Cicero to examine the plumbing, and the latter testifies that in some respects the plumbing in question does not comply with the present town ordinances.  It appears from the testimony of this witness that he is not, and never has been, a plumber, and his qualifications as an expert witness are, by his own statements, very doubtful.  His testimony in this respect is not abstracted; whether intentionally or only carelessly omitted we can not determine.  But an omission of this kind casts grave doubt upon the abstract as a whole, and strengthens the presumption that the trial judge, who saw and heard the witnesses, could better ascertain and determine the truth than can the Appellate Court from reading the testimony, especially in a defective abstract.  By this abstract the witness is made to say that the present ordinances forbid horizontal soil pipes, and that such ordinance was passed in 1897, and does not differ from the old one.  Our attention is called to the fact that the record shows the witness did not so testify; that it was not the witness, but appellants' counsel, who stated that the ordinance of 1897 did not differ from the old one.

This may have been true, but it is not evidence, and should not appear as such in the abstract.  We have inspected the testimony of this witness in the record itself, and are of opinion that the evidence fails to show a violation of the ordinance in force when the work was done.

But in any event, the objections here urged to the judgment come too late.  The note was given in settlement of a running account between the parties, which included other items, as well as the particular item of plumbing which it is claimed was contrary to the ordinances.  Interest was paid upon this note from time to time after it was made.  It is no defense at this late date against a settlement made by the parties themselves, and acquiesced in for years, that there is now some defect in the plumbing, which had been in use when complaint was first made more than four years.

The judgment of the Circuit Court is affirmed.