## City of Chicago v. Chicago League Ball Club.

|97 637|
|r196s 54|

1.  MUNICIPAL CORPORATIONS—*Compensation for Temporary Occupation of Private Property for Public Use in Emergencies.*—The existence of an emergency, such as to justify the temporary occupation of the premises of a private citizen by the militia when called into active service by the authorities, is to be determined by the circumstances of the case, and where such an emergency exists and the premises are so occupied, the owner is entitled to be reasonably compensated for the use of his property and for the act tal damage, if any, sustained by him.

2.  COURTS.—*Effect of a Finding Where the Trial is by the Court Without a Jury.*—Where the issues involved in a case are submitted to the court and a trial is had without a jury, the finding of the court is to be given the same force and effect as the verdict of a jury, and should not be disturbed unless manifestly against the weight of the evidence.

Assumpsit, for use and occupation.    Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1900.    Affirmed. Opinion filed November 1, 1901.

CHARLES M. WALKER, Corporation Counsel, attorney for appellant; GRANVILLE W. BROWNING, of counsel.

CHARLES M. SHERMAN, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment rendered against the

City of Chicago, for the use and occupation of appellee's ball park by the militia of the State, under direction of the mayor, and for damages alleged to have been thereby sustained.

When the cause was here before (Chicago League Ball Club v. City of Chicago, 77 Ill. App. 124), we said:

" The existence of an emergency, such as to justify the temporary occupation of the premises in controversy, is to be determined from the evidence. If such emergency existed appellant is entitled to be reasonably compensated for the use of the property and for actual damage, if any thereby sustained. Otherwise the occupation was a mere trespass for which appellee is not liable."

Evidence was introduced at the trial now under consideration tending to show the existence of such an emergency, and the Circuit Court awarded judgment in favor of appellee for such compensation and damages. It is now insisted that the evidence failed to show the existence of any emergency, and that the award of damages is excessive.

In the opinion above referred to the question of the liability of the city was fully discussed. It is therefore unnecessary again to review the points raised in the briefs of appellant's attorneys relating to that subject. The objections that the State alone is liable, that the mayor had no authority to bind the city by the seizure of the premises in question, under his orders, that there was no appropriation by the city council for such expense or damage and that no recovery against the city can be had in assumpsit, nor at all, are, so far as this court is concerned, settled by that opinion. While it is intimated that the evidence does not show an emergency of a serious character, it is yet conceded in appellant's brief, that " the calling of troops here may have been under circumstances constituting an emergency. It may be mobs were attacking railroad property to such an extent that an emergency was created necessitating the calling of those troops." But, it is urged, " that has nothing to do with the question as to whether the taking of these grounds was an emergency." We think it has. The evidence shows the grounds in question to have been in the

immediate neighborhood of one of the centers of disturbance and mob violence. A police inspector testifies that he advised the mayor to place the troops close to the center of the trouble, and that the premises in question were "near the seat of the trouble." It does not appear that any other suitable place for the purpose was available. The mayor directed the inspector to take possession. The latter conducted the troops to the ball park, pushed the gates open, went in, the troops pitched tents there and went into camp. There is no dispute as to these facts. We think the existence of the emergency can not well be doubted under the evidence.

It is contended that the amount of the finding and judgment are excessive. The issues were submitted to the court and a jury trial waived. It is well settled that under such circumstances, the finding of the court is to be given the force and effect of a verdict by a jury, and should not be disturbed unless manifestly against the weight of the evidence. Wood v. Price, 46 Ill. 435; Bishop v. Busse, 69 Ill. 403–406; Casey v. Vandeventer, 76 Ill. App. 628–629. In the case at bar, we have examined the evidence with care. It tends to show that some of appellee's property was destroyed during the occupancy of the troops, that grounds used for various atheletic exercise and exhibitions were dug up, and left in a condition such as to make their use for the purposes for which they were designed impracticable for a considerable period after the actual occupation by the troops ceased. The property was occupied twenty-one days or thereabouts. It appears that the court did not accept the rental valuation or estimate of damages made by appellee's witnesses, but more nearly that of appellant's witnesses, allowing also rent for such time as it appeared would be reasonably necessary to restore the premises to their original condition. After careful consideration of the case, we are unable to say that the finding was manifestly wrong, and it certainly does not so appear. We are unable to find any sufficient reason in the evidence to justify interference therewith.

We agree with appellee's counsel as to other objections not raised in the trial court, and urged here for the first time, that they must be deemed to have been waived.

The judgment of the Circuit Court must be affirmed.