# Hunt & Bobo *v.* Matthews.

*Action on Common Counts for Money Had and Received.*

(Decided February 13th, 1902.)

1. *Landlord and tenant; when relation does not exist; contract of hiring; share-croppers; Code, § 2712.*—An agreement, by which one party is to furnish the land and stock and feed, and the other is to do the work, the crop grown to be divided equally between them, constitutes a contract of hiring, under Code, § 2712, and does not create the relation of landlord and tenant.

2. *Money had and received; action; money paid voluntarily; mistake; ignorance of facts.*—The principle that money paid

voluntarily cannot be recovered back, does not apply when the money was paid by mistake or in ignorance of a material fact.

3. *Charges not argued; review.*—Charges not insisted on in argument will not be reviewed on appeal.

4. *General charge, when not proper.*—The general charge is not proper where the evidence is conflicting.

5. *Money had and received; when plaintiff not entitled to recover.* When plaintiff, being a joint owner with defendant of certain cotton, directed defendant to apply his part to the payment of a debt due defendant's firm, and the application was made accordingly, and the two debts exceeded in amount plaintiff's part of the cotton, plaintiff was not entitled to recover therefor against defendant.

6. *Partnership, when does not exist; share-croppers.*—An agreement, whereby one party is to furnish the land and stock for making a crop, and the other party is to do the work, the crop to be divided between them equally, does not make the parties partners, so as to require a settlement between them before one can sue the other in assumpsit for conversion of his share.

APPEAL from Marshall Circuit Court.

Tried before Hon. J. A. BILBRO.

This action was brought by the appellee against the appellants. The defendant pleaded four pleas. The first was the general issue, and the third payment. The second and fourth pleas sought to set off a demand alleged to be due by the plaintiff to the defendant. There were several replications filed to these special pleas and demurrers were interposed to the replications; but under the opinion on the present appeal it is not necessary to set out these rulings in detail.

On the trial of the cause the evidence showed that the plaintiff delivered to the firm of Hunt & Bobo or to Bobo individually, as agent for plaintiff and Hunt, 13 bales of cotton; that Bobo received the cotton at a public warehouse, and plaintiff instructed him to let it remain in said warehouse until he and Hunt should order it sold, and that when it was sold, the plaintiff wanted Hunt to have his part. It was further shown that the defendants Hunt & Bobo had sold the cotton and received the proceeds of the sale before the present suit was instituted. It was also shown that the cotton was

raised by the plaintiff Matthews during the year 1896 on land belonging to the defendant A. J. Hunt. The terms under which the land was cultivated, and the agreement between the plaintiff and Hunt therefor are shown in the opinion. The cotton which was delivered by the plaintiff to Hunt & Bobo, and which was raised by the plaintiff and sold by Hunt & Bobo, belonged jointly to Matthews and Hunt, and there had never been a division or settlement between them.

There was evidence introduced tending to show that the cotton was sold by the direction of Matthews and Hunt, and that Hunt was given credit on the books of Hunt & Bobo for the entire proceeds. The plaintiff introduced evidence tending to show that he did not owe the firm of Hunt & Bobo anything, but was indebted to Hunt individually; and the plaintiff testified that he did not authorize the application of his share of the proceeds from the sale of said cotton to the payment of the accounts alleged to be due by him to the defendant firm or to Hunt individually.

The bill of exceptions recites: "It was admitted that when this suit was brought there had been no settlement between Matthews and Hunt of the amount owed by Matthews or claimed to be owed by him to Hunt for supplies and advances to enable him to make a crop, nor between Matthews and Hunt & Bobo, and that said accounts against Matthews had not been paid or satisfied in any way when this suit was brought, unless the delivery of said cotton, its sale and the crediting of the proceeds thereof as above stated paid it. It was not admitted that Matthews gave his consent to credit any account with the proceeds of the sale of the cotton, but on the contrary he denied giving any such authority."

The defendants requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give them as asked: (1.) "The court charges the jury that if Matthews delivered his part of the cotton to Hunt & Bobo to go in payment of his debts to the firm, or to Hunt, if he owed them, and that the cotton when sold was applied that way, then your verdict must be for the defendant." (2.) "The

[Hunt & Bobo v. Matthews.]

court charges the jury that if they believe the evidence they must find for the defendant." (3.) "The court charges the jury that if Hunt had a landlord's lien on Matthews' part of the crop and after the cotton was sold by Bobo & Hunt, if they sold it, the proceeds were turned over to Hunt, then they must find for the defendants." (4.) "The court charges the jury that in order to entitle plaintiff to recover in this case the jury must find that the firm of Hunt & Bobo received money for the sole use of Matthews, and if the money received by them was for the joint use of both Matthews and Hunt, then your verdict must be for the defendants." (5.) "The court charges the jury that if by direction of Matthews his part of the crop was applied to the payment of one account claimed by Hunt and another claimed by Bobo & Hunt, then it is not sufficient for the plaintiff to show that the accounts or either of them was incorrect in order to entitle him to recover." (6.) "The court charges the jury that if the cotton was the joint property of Matthews and Hunt in equal shares and that Hunt had a landlord's lien on Matthews' share and there has never been any settlement between plaintiff and defendants, or between plaintiff and Hunt, then your verdict must be for the defendant." (7.) "The court charges the jury that if Matthews' part of the cotton was by his directions applied to the payment of a debt due Hunt individually and another debt due by him to the firm of Bobo & Hunt, and if said two debts exceeded Matthews' part of the cotton, then your verdict must be for the defendants, and the fact, if it be a fact, that the debt due Hunt, individually was allowed to Hunt as a set off in the case of Matthews v. Hunt, would make no difference." (8.) "The court charges the jury that if the money received by defendants was the proceeds of the sale of cotton owned jointly by Matthews and defendant Hunt, and there has been no settlement or striking of a balance between Matthews and Hunt, or between Matthews or the firm, then your verdict must be for the defendants.' (9.) "The court charges the jury that if Matthews was the tenant of Hunt and raised a crop in 1896 on Hunt's farm and that the agree-

19s

ment was that said crop was to be raised on the halves and that Hunt furnished Matthews with supplies to enable him to make the crop and that said crop was delivered to Hunt & Bobo by Matthews to be sold for the joint benefit of Hunt and Matthews and if it was afterward sold by instructions of Matthews and Hunt and that the proceeds were turned over to Hunt in payment of an indebtedness which Matthews owed Hunt, if he did owe him, then the jury must find for the defendants." There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

O. D. STREET, for appellant, cited *Perminter v. Kelly*, 18 Ala. 716; *Balling v. Kirby*, 24 Am. St. Rep. 817; *Cowler v. Garrett*, 30 Ala. 341; *Smyth v. Tankersley*, 20 Ala. 212; Code, §§ 2703, 2711; *Gafford v. Stearns*, 51 Ala. 434; *Bryan v. Smith*, 22 Ala. 534; *Steinhart v. Bell*, 80 Ala. 208; 3 Brick. Dig., 52.

JOHN A. LUSK, *contra*, cited *Marlowe v. Rogers*, 102 Ala. 510; *Harper v. Claxton*, 62 Ala. 46; 3 Brick. Dig., p. 701, § 14.

HARALSON, J.—The suit was instituted by Charles J. Matthews against A. J. Hunt and Wm. S. Bobo, partners as Hunt & Bobo, claiming $500 for goods, wares and merchandise sold by the plaintiff to defendants, and for money had and received by them for the use of the plaintiff. The evidence relates alone to money alleged to have been received by defendants for plaintiff.

The defendants filed four pleas. The plaintiff filed replications to pleas 2 and 4. The court, as the judgment entry recites, sustained a demurrer "to all replications, except the replication to the 4th plea," which was overruled. There is no assignment of error as to these rulings, except the one, that "the court erred in overruling defendants' demurrer to plaintiff's replication to the 4th plea." This assignment, however, is not insisted on by appellant's counsel.

The only other errors assigned, insisted on, are in the refusal of the court to give the written charges requested by defendants, except the 6th, and as to error in refusing this charge, no insistence is made.

The case then, was tried on, 1st, the plea of the general issue; 2d, issue on the 2d and 3d pleas, and 3d, on replication to the 4th plea, on which pleas and replication issue was joined.

The facts in the case show, as to the agreement between the parties, "that Hunt should furnish the land and stock and feed, and Matthews do the work, and that each was to have half the crop raised," and, the bill of exceptions states, "that this cotton (13 bales) was raised under this agreement, had never been divided, and belonged to Hunt and Matthews jointly, share and share alike." This agreement brings the parties directly under section 2712 of the Code, providing, "When one party furnishes the land and the team to cultivate it, and another party furnishes the labor, with stipulations, express or implied, to divide the crop between them in certain proportions, the contract of hire shall be held to exist, and the laborer shall have a lien upon the crop produced by his labor for the value of the portion of the crop to which he is entitled," etc.—*Ragsdale v. Kinney*, 124 Ala. 454.

Charges 1 and 4 are not insisted on.

Charge 2 was the general charge for defendants, and under the evidence could not be given.

Charges 3 and 5 were requested, as stated by counsel for defendants, on the theory, that the relation of landlord and tenant existed between the parties. This relation did not exist, under the facts, as shown, but that of the hire of plaintiff by defendant, Hunt, existed, and there was no error on this account in refusing the charge.

Charge 5 was properly refused. It is sought to be justified on the ground alone, that money paid voluntarily cannot be recovered back. But this principle does not apply when the money was paid by mistake, or in ignorance of a material fact, to which conditions the charge makes no reference.—*Young v. Lehman*, 63 Ala. 519.

Charge 7 should have been given. On the facts therein hypothesized, the plaintiff had no claim against defendants for the proceeds of the cotton, since they had been applied by his direction to the payment of the debts which he owed defendants, and on these facts the defendants would be entitled to recover under the general issue.

Charge 8 was properly refused. According to the contract, there was no partnership between the parties, where a settlement or a striking of a balance of accounts between them was necessary for plaintiff to maintain his action. Each was entitled to one-half of the cotton produced in kind, as his share thereof, and if the property was converted into money by either, he could sue the other in assumpsit for his portion of the money.—*Marlowe v. Rogers*, 102 Ala. 510.

Charge 9 was abstract and may well have been refused on that account. There was no evidence that plaintiff delivered the cotton to Hunt & Bobo to be sold for the joint benefit of Hunt and himself. The charge also fails to hypothesize that the proceeds were turned over by Bobo to Hunt in payment of a debt of Matthews to him, by Matthews' consent. Such a payment by Bobo to Hunt for Matthews, without the latter's consent, would be unauthorized.

Reversed and remanded.