# Margaret L. Becklenberg v. Frederick Becklenberg.

1. CERTAINTY—*In Pleadings—Purpose of the Rule.*—The rule requiring certainty in pleadings, in equity cases as well as at law, is to enable the court to pronounce proper judgment, if the pleadings shall be adjudged true.

2. ALIMONY—*When a Husband is Not Bound to Pay Alimony to His Wife.*—When a decree of divorce is granted to the husband for habitual drunkenness on the part of the wife, he is not bound to pay her alimony, nor is he bound to convey his right of dower to her, in any real estate owned by her.

3. CHANCERY PRACTICE—*A Party Can Not Complain of an Error Beneficial to Himself.*—It is a familiar doctrine that a party can not complain of an error beneficial to himself.

4. COURTS OF EQUITY—*Jurisdiction in Proceedings for Divorce.*—A court of chancery has complete jurisdiction in respect to requiring the husband, when complainant in a suit for divorce against his wife, to convey to her all of his title and interest in her real estate wherever it may be situated and whether described in the pleadings or not.

Bill for Divorce.—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

Becklenberg v. Becklenberg.

C. M. Hardy, attorney for plaintiff in error.

Edward Maher and David Trexler, attorneys for defendant in error.

Mr. Justice Shepard delivered the opinion of the court.

This was a sworn bill for a divorce, filed by a husband against his wife, in which he charged habitual drunkenness as the cause. The bill prayed for a divorce; for the care, custody, control and education of the three children; for an injunction, for other relief, and for summons. The answer denied every allegation, except the marriage, cohabitation, children, residence, and the fact that the complainant was the owner of a large and prosperous business. Issue was joined and the cause was heard and a decree entered. Upon this decree error is assigned. No evidence was preserved by certificate of evidence, but the decree itself, on its face, found the plaintiff in error had " for three years last past been guilty of habitual drunkenness, as charged in complainant's bill."

After ordering and decreeing a dissolution of the marriage, and giving the custody of the children to the complainant, the decree proceeds, as follows:

" It is further ordered, adjudged and decreed that the complainant, Frederick Becklenberg, within ten days from the filing of this decree, convey and quit-claim to the defendant, Margaret Love Becklenberg, all right, title and interest that he may have by reason of the marriage relation heretofore existing between them in and to any and all real estate now owned by the defendant, Margaret Becklenberg, and that she be permitted to sell and dispose of the same as a *feme sole* without complainant having any interest therein.

It is further ordered, adjudged and decreed by the court that in full settlement of all alimony to be paid by the complainant, Frederick Becklenberg, to the defendant, Margaret Love Becklenberg, now due or hereafter to become due, that said complainant, Frederick Becklenberg, shall pay to Wyman and Richardson, solicitors for said defendant, of Chicago, Illinois, in trust for said defendant, Margaret Love Becklenberg, the sum of five hundred ($500) dollars, to be paid over to her by her trustees as in their judgment she

may need the same, subject, however, to any further order the court may enter with reference to said five hundred ($500) dollars. Said sum to be alimony in gross.

It is further ordered, adjudged and decreed by the court that the complainant pay all the costs of this suit to be taxed by the clerk of this court, including an additional amount of one hundred fifty ($150) dollars to be paid to said Wyman and Richardson, as solicitor's fees in full for all services as solicitors for said defendant, within five days from the entry of this decree, and in default thereof that execution issue therefor."

The decree is attacked in two respects only, first, because it requires the complainant to convey and quit-claim to the defendant " all right, title and interest he might have by reason of the marriage relation   *   *   *   in and to any and all real estate then owned by her," and second, in awarding $500 alimony to the complainant, and then appointing trustees to administer the fund.

And the reasons urged, as to why the decree in such respects is erroneous, are that the decree in respect of the property directed to be conveyed is uncertain, and that as applied to both respects, the court had no jurisdiction to enter the decree, the pleadings in the case making no mention either of the property to be conveyed or of alimony to be awarded, or of the appointment of trustees to administer it.   The rule requiring certainty in pleadings, in equity cases as well as at law, is to enable the court to pronounce the proper judgment, if the pleadings shall be adjudged true.

It should be remembered that the bill was filed by the husband against the wife, and the decree, as shown on its face, was granted, for reasons existing because of her own fault.   The fact of habitual drunkenness by her having been found against her, the husband was not bound to pay her any alimony, nor was he bound to convey his right of dower to her in real estate she might own, unless because of the sections 17 and 18, chapter 40, entitled Divorce, although it can not be doubted that the court, by virtue of the powers vested in it, might decree both.   The plaintiff in error was the beneficiary under the decree, in the respects complained of, and is not in a position, without a certificate

of evidence, to complain of the relief given her. It is a familiar doctrine that a party can not complain of any error that is beneficial to himself.

The court had complete jurisdiction both in respect of requiring the complainant to convey to the wife all of his title and interest in her own real estate wherever it might be situated and whether described in the pleadings or not (Sec. 17, Chap. 40 R. S.) and to require him to give her alimony (Sec. 18, Ch. 40 R. S.).

If there be reasonable grounds, now or later, why the solicitors named as trustees of the fund should be changed, such relief is open to an application to the court below concerning the same.  (Sec. 18, *supra*.)

The decree is accordingly affirmed.