Samuel Heyman v. Rebecca Heyman.

1. CHANCERY PRACTICE—*When Findings of Chancellor upon Conflicting Evidence Will Not be Reversed.*—When in a chancery cause the evidence is conflicting, the findings of the chancellor will not be reversed unless it is clear and palpable that he fell into error.

2. STATUTES—*Purpose of Section 17, Chapter 40, R. S.*—The intent of the law-making power, by virtue of section 17 chapter 40, R. S., providing that whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same upon such terms as it shall deem equitable, was to invest the chancellor with full power to settle and adjust the property rights of the parties.

3. ACTIONS—*Plaintiff May be Permitted to Recover a Part Only of What He Claims.*—It is a general rule at law and in equity, that a plaintiff may be permitted to recover a part only of what he claims; that he shall not be turned out of court when the proofs fix his right of recovery, but lessen its measure from that averred in his pleading.

4. VERDICT—*Defendant Can Not Complain that it is Too Small.*—If the plaintiff in a suit at law be content, the defendant can not complain that the verdict is too small.

Bill for a Divorce.—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 15, 1903.

This is a bill for divorce filed by appellee, charging appellant with adultery and extreme and repeated cruelty. It is also alleged that prior to 1890 she was the owner of a valuable business, the management of which she intrusted to appellant, from the profits of which the family was supported; that in 1890 he induced her to execute and deliver to him a power of attorney to manage and transact such business; and that thereafter he substituted his name in place of her name, and is now in full possession of said business and all its assets and is carrying on the same at No. 106 Clark street, Chicago; that said business, worth about $100,000, consists in loaning money upon pledges, in buying and selling jewelry and like goods, and in the purchase of city and county script; that he has expelled her from said business and threatens to sell the same and to depart the United States.

Among other things, she prays for an injunction; that the court by its decree may settle and determine her property rights; that a receiver may be appointed to take possession of, manage and control said business and property during the pendency of the suit; the prayer for general relief is added. The co-respondent and the First National Bank of Chicago were also made defendants. An injunction was issued without notice and without bond.

The answer filed denies the allegations of cruelty, and of adultery. It denies that appellee owned said business, as charged in the bill. It asserts that he is in full possession of the business and its assets, and is conducting the same in his own name as his own business, except so far as he is restrained by said injunction. It denies that said business is worth $100,000 or upward, or that he expelled appellee therefrom, or threatened to sell the same and to depart with the proceeds; and it denies that she was the owner of any business prior to 1890, or at any time since, or that she ever turned any business over to his management; and asserts that he is carrying on the same business he started in 1879. It alleges that when he married appellee she had no money or means, and never had any except as he provided for her; that in 1890 he became involved, and asked her to let the business be conducted in her name, which was done for about two months, when he resumed his own name, and is now conducting the business in his own name; that appellee never at any time had any interest in said money or business.

Further allegations are made relating to the manner of conducting said business; and he sets up his history from 1862 to the date of the filing of the answer; his treatment of his family and their conduct toward him; and says that the value of the jewelry now owned by him amounts to about $15,000.

The answer of the bank shows a deposit of $9,963.36, and a special deposit of $20,000 in United States bonds.

The answer of the co-respondent denies the allegations of misconduct, and sets up in detail the history of her acquaintance with appellant.

Heyman v. Heyman.

The cause was heard in open court. July 16, 1902, the chancellor entered a decree herein finding (among other things) appellant guilty of the charge of adultery, dissolving the marriage bond, and giving the custody of the minor children to appellee. It also found that said business was " a copartnership business and was carried on " by appellee and appellant " as copartners, and owned by them jointly as equal copartners, and that the said copartnership business was dissolved by the filing " of the bill herein. That appellee at the inception of such business put into it $600 in goods and $5,000 in cash, and is equitably entitled to have first repaid to her the said sum of $5,600, without interest, out of said partnership property, and then to have one-half of the remaining assets of said partnership as of the date of the filing of the bill.

The cause was referred to a master to take an account and a receiver was appointed of all such partnership property

From this decree an appeal was perfected.

THORNTON & CHANCELLOR, attorneys for appellant; J. D. ANDREWS, of counsel.

ALEXANDER SULLIVAN and GEORGE W. PLUMMER, attorneys for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant presents but two grounds of error :

First. That the adultery charge was not proved.

Second. That the court had no jurisdiction to decree a partnership, none having been alleged; and had there been such an allegation, he was not justified by the proof in so finding.

First. The chancellor heard the evidence of the witnesses who were sworn and examined in open court. The allegations of adultery were denied by appellant and by the co-respondent. Her character for chastity was declared to be good by many witnesses. On the other hand, twelve witnesses testify to acts of familiarity, to situations and to

admissions, which need not be here set out, tending to prove the charge. The rule in such a case, following a long line of prior decisions, is laid down in Arnold v. N. W. Telephone Co., 199 Ill. 204, as follows:

"This testimony was conflicting, and the conclusions to be drawn from it depended largely upon the credit which should be accorded to the different witnesses and to the weight and value of their testimony. The chancellor had, therefore, superior opportunities for forming an opinion of the relative merit and weight of the testimony given by the several witnesses, whom he saw and heard testify. When a chancery cause is so heard, and the evidence is conflicting, the findings of the chancellor will not be reversed unless it is clear and palpable that he fell into error."

We have gone over the evidence with much care, and, upon this point, we are satisfied with the conclusion reached by the chancellor.

Second. The decree finds that the husband and wife were partners in the business carried on by the former; that at the inception of the business she put into it $5,600 in money and goods; and decrees that she be repaid such sum of $5,600, and then receive one-half of the remainder of the assets as and for her own property.

It is urged that even if the evidence tends to support such finding, which is denied, the court had no jurisdiction to enter the decree, because it is not responsive to the pleadings.

The theory of the bill is, that the wife owned the entire business and its assets. It prays the court to ascertain her interest in the same and to decree it to be her separate property.

The theory of the answer is, that the husband is the sole owner of said business and of its assets.

The court found with neither party. It determined that she originally contributed $5,600 to the business, and that the husband and wife were copartners therein. Based upon this finding the distribution ordered is equitable and just. The fact that the chancellor calls the business a partnership, if error, is not reversible error, if in other particulars

Heyman v. Heyman.

the decree is within the allegations of the bill and the evidence, as shown by the record.

Sec. 17, Ch. 40, R. S., "Divorce," provides:

"Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

The evident intent of the law-making power, by virtue of this section, was to invest the chancellor with full power to settle and adjust the property rights of the parties. (Becklenberg v. Becklenberg, 102 Ill. App. 504; Cutler v. Cutler, 188 Ill. 285.) Strict practice required that the bill be amended to conform its allegations to the findings of the chancellor; but such an amendment is not essential nor jurisdictional. It is a general rule, at law and in equity, that a plaintiff may be permitted to recover a part only of what he claims; that he shall not be turned out of court when the proofs fix his right of recovery, but lessen its measure from that averred in his pleading. (Bogan v. Daughdrill, 51 Ala. 312; Breckenridge v. Ostrom, 79 Ill. 71.) If the plaintiff in a suit at law be content, the defendant can not complain that the verdict is too small. Reid v. Houston, 20 Ill. App. 48; Wolf v. The Goodhue F. I. Co., 43 Barb. 400; Luey v. Bundy, 9 N. H. 298.

The evidence sustains the finding that the money with which the business was started in 1873 belonged to the wife; that for years the business was carried on in her name; and that the increase up to the time he took exclusive possession, was the product of their united labor.

Believing that the decree of the Circuit Court does substantial justice between these parties, it is affirmed.